**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2730
_____

AARON J. BRESSI,
Appellant

v.

TRACY MCCLOUD; BRITTANY DUKE; RONALD MCCLAY;
MATTHEW NARCAVAGE; DANIEL SHOOP; JILL HENRICH;
TERRY KECHEM; PATROLMAN ADAMS; CHRISTOPHER LAPOTSKY;
JOHN GEMBIC; OFFICE CLERKS, Sunbury District Magistrate;
MICHAEL P. TOOMEY; MICHAEL SEWARD; DEGG STARK; JILL FRY;
CHARLES SAYLOR; PAIGE ROSINI; WARDEN SNYDER COUNTY PRISON;
OFFICE CLERKS, Snyder County Prison; EDWARD GRECO; MICHAEL SUIDERS;
JAMES BEST; VINCE ROVITO; RACHAEL GLASSO; AMY STOAK;
KIMBERLY BICKERT; CATHY DUZICK; MICHAEL FANTAGROSSE;
JENNIFER FANTAGROSSE; RICHARD STIENHEART; GINGER STIENHEART;
JEFFREY LEACH; DENISE CARNUCCIO; JEFFREY LONG; TYLER MUMMY;
KIMBERLY SEDDON; CHASTITY SEDDON; WARDEN BRUCE KOVACH;
DEPUTY WARDEN JAMES SMINK; and COUNSELOR SAMUEL KRANZEL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4:18-cv-01345)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2023
Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 16, 2023)

_____

OPINION[*]

_____

PER CURIAM

Proceeding pro se, Aaron Bressi filed a civil rights action against dozens of people. The District Court dismissed the action under 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B) for failure to state a claim. We affirmed. See Bressi v. McCloud, C.A. Nos. 20-1077 & 20-1758, 2021 WL 5054351, at *1 (3d Cir. Nov. 1, 2021) (per curiam).

Months later, Bressi twice asked the District Court to "refile" his case. The District Court entered a pair of orders denying relief, the second of which stated that Bressi had "failed to provide any basis to reopen this case" and that "[t]he Court will not entertain any further motions to 'refile' in this matter." This timely appeal of the second order followed.

We have appellate jurisdiction under 28 U.S.C. § 1291. Bressi's opening brief merely re-argues the merits of his prior appeal in the underlying litigation, and at times mistakenly references a decision of this Court resolving one of his appeals in separate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

litigation. In short, nowhere in the brief does Bressi identify a valid basis to disturb the

order of the District Court that is the subject of this appeal.[1] Accordingly, we will affirm.

---

[1] Bressi's post-briefing motion requesting that the Court accept a document from his separate, pending habeas proceeding as "evidence towards [this] case" is denied.